Victor V. VITOLS, et al., Plaintiffs,

v.

The CITIZENS BANKING COMPANY, et al., Defendants/Third–Party Plaintiffs,

Tucker Anthony, Inc., Respondent– Defendant/Cross–Claimant,

Peter A. Long; Long, Clark & Baker, Petitioners/Third– Party Defendants.

No. 92–8348.

United States Court of Appeals, Sixth Circuit.

Jan. 20, 1993.

M. Neal Rains, Sonali Bustamante Wilson, Arter & Hadden, Cleveland, OH, for petitioners.

Ted T. Amsden, Detroit, MI, for respondents John Hancock Freedom and Tucker Anthony, Inc.

Before: GUY and RYAN, Circuit Judges, and LIVELY, Senior Circuit Judge.

PER CURIAM.

Pursuant to 28 U.S.C. § 1292(b) and Rule 5, Fed.R.App.P., the petitioners, Peter A. Long and Long, Clark & Baker, seek permission to appeal an interlocutory order of the district court denying their motion to dismiss a third-party claim for contribution. The respondent, Tucker Anthony, Inc., opposes immediate appeal.

The matter below is a complex securities action brought by investors against a number of defendants. Cross-claims and third-party claims were filed by some of the

defendants. The respondent brought a third-party claim for contribution based on legal services the petitioners had provided to the respondent. The petitioners moved to dismiss for failure to state a claim or, alternatively, for lack of personal jurisdiction over one of the petitioners. The district judge denied that motion by marginal entry.

The petitioners then moved the district court to reconsider its order or, alternatively, to certify the order for interlocutory appeal under § 1292(b). Because the district judge who had originally denied the motion to dismiss had retired, the chief judge of the district referred the motion to reconsider or certify to a magistrate judge. The magistrate judge did not reconsider, but did certify the district judge's decision for interlocutory appeal. The petitioners filed the instant petition within ten days. It does not appear that the district court has ever reviewed or adopted the magistrate judge's memorandum and order.

The reference to the magistrate judge was pursuant to 28 U.S.C. §§ 636(b)(1) and (3) and Local Civil Rule 5:1.1. Sections 636(b)(1) and (3) provide in part:

(b)(1) Notwithstanding any provision of law to the contrary—

(A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

(B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for … any motion excepted in subparagraph (A)….

 ….

(3) A magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States.

Local Civil Rule 5:1.1(e), "Determination of Non–Dispositive Pretrial Matters," is based upon § 636(b)(1)(A). Rule 5:1.1(j), "Additional Duties," enumerates a number of actions that magistrate judges for the district are authorized to take and cites for support § 636(b)(3).

█ The Federal Magistrate's Act vests magistrate judges with limited jurisdiction to enter orders upon a reference by the district court. *Bennett v. General Caster*, 976 F.2d 995, 997 (6th Cir.1992) (per curiam); *see also Banks v. United States*, 614 F.2d 95, 97 (6th Cir.1980). The power of a magistrate judge to act is limited to the scope of the reference. If the parties consent to a reference under § 636(c)(1) and the district court so designates, a magistrate judge may exercise plenary jurisdiction. *Bennett*, 976 F.2d at 999, n. 9. On the other hand, a reference under § 636(b) is limited to nondispositive pretrial matters or recommendations on dispositive motions.

█ The instant petition is also governed by § 1292(b). That section provides that a "district judge" may certify an interlocutory order for appeal. Although not a "district judge," a magistrate judge exercises the same jurisdiction as a district judge where there is a designation pursuant to § 636(c). Such a designation may enable a magistrate judge to enter a certification for interlocutory appeal under 28 U.S.C. § 1292(b). *See, e.g., LeVick v. Skaggs Companies, Inc.*, 701 F.2d 777, 778 n. 1 (9th Cir.1983); *Central Soya Co., Inc. v. Voktas, Inc.*, 661 F.2d 78 (7th Cir.1981). This is not such a case. Here the reference was made under the more limited provisions of § 636(b)(1) and (3) and falls short of a grant of plenary jurisdiction. We hold that a magistrate judge, acting pursuant to a reference under § 636(b)(1) or (3), has no authority to issue a dispositive ruling on a

motion to certify a district court order for interlocutory appeal under § 1292(b).

 Even if the certification were proper in this case, this court would not be inclined to permit the appeal. To obtain permission to appeal pursuant to § 1292(b), the petitioner must show that: (1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation. *Cardwell v. Chesapeake & Ohio Ry. Company*, 504 F.2d 444, 446 (6th Cir.1974). Review under § 1292(b) should be sparingly granted and then only in exceptional cases. *Kraus v. Board of County Road Comm'rs*, 364 F.2d 919, 922 (6th Cir.1966). Because the claim at issue is collateral to the primary claims in the district court, an appeal at this time would not materially advance the termination of the litigation.

It is ORDERED that the petition for permission to appeal is dismissed.