**Keith M. KEARNEY, et al., Plaintiffs,**

v.

**Michael V. JANDERNOA,
et al., Defendants.**

**No. 1:95–CV–823.**

United States District Court,
W.D. Michigan,
Southern Division.

March 31, 1997.

---

John E. Anding, Drew, Cooper & Anding, Grand Rapids, MI, Steven E. Cauley, Steven E. Cauley, PA, Little Rock, AR, Milton Clay Ragsdale, M. Clay Ragsdale Law Offices, Birmingham, AL, for Keith M. Kearney.

Ellen S. Carmody, Law, Weathers & Richardson, Grand Rapids, MI, Peter J. Meyer, Gardner, Carton & Douglas, Chicago, IL, for Michael J. Jandermoa, Lonnie L. Smith, Richard G. Hansen, M. James Gunberg, Steven N. Hutchinson, Robert P. Lasner, Mark Olesnavage, F. Folsom Bell, William C. Swaney, Ralph E. Klingenmeyer, Perrigo Co., Juliet Challenger, Inc.

Gregory G. Timmer, Bruce W. Neckers, Rhoades, McKee, Boer, Goodrich & Titta, Grand Rapids, MI, Michael B. Reuben, Gordon, Altman, Butowsky, Weitzen, Shalov & Wein, New York City, for Henry L. Hillman, C. G. Grefenstette.

WIlliam K. Holmes, Warner, Norcross & Judd, LLP, Grand Rapids, MI, Dennis E. Glazer, Davis, Polk & Wardwell, New York City, J.P. Morgan Securities, Ltd., J.P. Morgan Securities, Inc., Morgan Stanley & Co., Inc., Morgan Stanley Intern., Smith Barney Shearson, Inc., Dean Witter Reynolds, Inc., Dean Witters Intern. Ltd.

## OPINION

QUIST, District Judge.

Before this Court is Nominal Defendant Perrigo Company's ("Perrigo") motion to certify an interlocutory appeal and to stay proceedings, or, in the alternative, to stay proceedings pending resolution of Perrigo's petition for writ of mandamus.

Perrigo first requests that this Court certify certain questions regarding the Court's Memorandum Opinion and Order dated March 14, 1997, for interlocutory appeal to the Sixth Circuit. Perrigo claims that this Court interpreted Section 495 of the Michigan Business Corporation Act ("MBCA") incorrectly.

Under 28 U.S.C. § 1292(b), "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for

difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." Furthermore, "[t]hat application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b).

■ Perrigo is correct that in order to obtain permission to appeal pursuant to Section 1292(b) it must show that: 1) the question involved is one of law, 2) the question is controlling, 3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision, and 4) immediate appeal would materially advance the ultimate termination of the litigation. *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir.1993) (per curiam) (citing *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir.1974)). The Sixth Circuit in *Vitols* also held that review under Section 1292(b) "should be sparingly granted and then only in exceptional cases." *Vitols*, 984 F.2d at 170 (citing *Kraus v. Board of County Road Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966)).

■ Perrigo next requests that, in the alternative, this Court enter a stay of proceedings pending resolution of Perrigo's petition for a writ of mandamus. Under Federal Rule of Appellate Procedure 8(a), application for a stay of a district court order pending appeal must ordinarily be made in the first instance in the district court. Perrigo is correct that the factors to be considered in evaluating whether a stay should be granted are: 1) the likelihood that the party seeking the stay will prevail on the merits of the appeal, 2) the likelihood that the moving party will be irreparably harmed absent a stay, 3) the prospect that others will be harmed if the court grants the stay, and 4) the public interest in granting the stay. *Michigan Coalition v. Griepentrog*, 945 F.2d 150, 153 (6th Cir.1991) (citing *Ohio ex rel. Celebrezze v. Nuclear Regulatory Com'n*, 812 F.2d 288, 290 (6th Cir.1987), *rev'd on other grounds*, 954 F.2d 1174 (6th Cir.1992)). These factors are interrelated and must be balanced together. *Michigan Coalition*, 945 F.2d at 153 (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir.1985)).

Furthermore, "even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, serious questions going to the merits." *Id.* at 153–54 (quotations omitted).

■ This Court has explained several times, and at great length, that Section 495(1) and (2)(d) of the MBCA, the subsections upon which Perrigo relies, clearly and specifically mandate that, prior to dismissing a derivative proceeding, this Court **must find** that Formanek, as **"all disinterested independent directors,"** made a **determination** in **good faith** and after conducting a **reasonable investigation,** upon which Formanek's **conclusions are based,** that maintenance of the derivative proceeding is not in Perrigo's best interests. Perrigo is correct that Plaintiffs have the burden of proving these elements. *See* M.C.L. § 450.1495(1) and (2). This Court, however, has made it clear that Plaintiffs would be unable to present facts essential to justify their opposition to Perrigo's motions unless they had access to the Formanek Report. In essence, Perrigo is asking the Court to make findings of fact in favor of a defendant based solely upon the defendant's conclusions and assurances, without more, that the facts are indeed true. Moreover, Perrigo is asking the Court to make these findings even when a Plaintiff has no fair opportunity to respond to the motion. No court would hold that Section 495 of the MBCA would allow a court to find facts in favor of a defendant, upon a defendant's motion, based on conclusions and assurances by the defendant of the truth of facts asserted, especially without a response from the plaintiff.

If Perrigo expects the Court to rule in its favor on its motions at this point in time, based only upon Perrigo's conclusions and assurances that the facts it asserts are true, it is mistaken. This Court will not grant Perrigo's motion to certify an interlocutory appeal. Perrigo has failed to demonstrate that there is substantial ground for difference of opinion respecting the correctness of this Court's decision, or that this is the exceptional case where permission to appeal should be granted. In any event, the grant-

ing of Perrigo's motion to certify an interlocutory appeal will not materially advance the ultimate termination of the litigation. In fact, it would only further delay the case proceedings. This Court also will not enter a stay of proceedings pending resolution of Perrigo's petition for a writ of mandamus. Perrigo is unable to establish that there are serious questions going to the merits.

### Conclusion

For the foregoing reasons, Perrigo's motion to certify an interlocutory appeal and to stay proceedings, or, in the alternative, to stay proceedings pending resolution of Perrigo's petition for writ of mandamus will be denied.

Furthermore, Perrigo will have fourteen (14) days from the date of the Order filed with this Opinion to deliver the Formanek Report to Plaintiffs. If the Report is not submitted within the fourteen (14) days, "Nominal Defendant Perrigo Company's Motion to Dismiss the Verified Complaint for Violations of Fiduciary Duties, and for Injunctive Relief, Declaratory Relief and Damages" (docket no. 12) filed March 26, 1996, and "Nominal Defendant Perrigo Company's Motion for to Dismiss Plaintiff's Verified Complaint for Failure to Allege Facts Showing that the Independent Director Lacked Good Faith or Failed to Conduct a Reasonable Investigation" (docket no. 82) filed February 25, 1997, will be stricken from the record by this Court. If Perrigo delivers the Formanek Report to Plaintiffs, the Report will be subject to the Protective Order agreed to by the parties and filed with this Court on March 18, 1997.[1]

An Order consistent with this Opinion will be entered.

---

1. This Court's decision to make the Formanek Report part of the public record if it is submitted to the Court in order to induce reliance, one way or the other, on a dispositive motion, is, not inconsistent with the Protective Order submitted by the parties and filed with this Court on March 18, 1997. There may be other reasons that the Report may be submitted to the Court. Perrigo has already submitted the Report in order to persuade this Court that the Report contained privileged information and attorney work product. The Protective Order will be fully operative until, if ever, it is submitted to this Court by either side in order to induce reliance on it by this Court. At that moment, the Report will become part of the public record and the public will have access to it.