**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 03-7803**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDWARD DEVON SINGLETARY,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-00-314; CA-03-240-1)

———————————

Submitted: February 6, 2004        Decided: February 27, 2004

———————————

Before WIDENER and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Remanded by unpublished per curiam opinion.

———————————

Edward Devon Singletary, Appellant Pro Se. Robert Albert Jamison Lang, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Edward Devon Singletary seeks to appeal the district court's order denying his motion filed pursuant to 28 U.S.C. § 2255 (2000). In civil actions in which the United States or an officer or agency thereof is a party, all parties are accorded sixty days after the entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). These time periods are "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on July 29, 2003. Singletary signed his notice of appeal on October 27, 2003, the envelope was postmarked on November 3, 2003, and the notice was filed in the district court on November 6, 2003. Singletary stated in his notice of appeal that he did not receive notice of the district court's denial of his § 2255 motion until October 15, 2003. We construe Singletary's statement as a motion to extend the appeal period under Fed. R. App. P. 4(a)(5).[*] See Washington v. Bumgarner, 882 F.2d 899, 901 (4th Cir. 1989); Myers v. Stephenson, 781 F.2d 1036, 1038-39 (4th Cir. 1986).

---

[*]Singletary may not benefit from Rule 4(a)(6) because he dated his notice of appeal more than seven days after he received notice of the district court's judgment.

- 2 -

So construed, the motion for an extension of time was received in the district court shortly after expiration of the period provided in Rule 4(a)(5). Under Fed. R. App. P. 4(c)(1) and Houston v. Lack, 487 U.S. 266 (1988), the notice is considered filed as of the date Singletary properly delivered it to prison officials for mailing to the court. The record does not reveal if or when Singletary complied with the requirements of Fed. R. App. P. 4(c)(1).

Accordingly, we remand the case for the district court to obtain this information from the parties and to determine whether the motion for an extension of time was timely under Rule 4(c)(1) and Houston v. Lack. If the district court determines that the motion was timely filed, the court then should determine whether Singletary has shown excusable neglect or good cause warranting an extension of the appeal period pursuant to Rule 4(a)(5). We express no opinion regarding the timeliness of the motion or whether Singletary has made the requisite showing under Rule 4(a)(5). The record, as supplemented, will then be returned to this court for further consideration.

REMANDED

- 3 -