**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-7803

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDWARD DEVON SINGLETARY,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-00-314; CA-03-240-1)

Submitted: December 9, 2005          Decided: January 4, 2006

Before WIDENER and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Remanded by unpublished per curiam opinion.

Edward Devon Singletary, Appellant Pro Se.  Robert Albert Jamison Lang, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Edward Devon Singletary seeks to appeal the district court's order denying his motion filed pursuant to 28 U.S.C. § 2255 (2000). In civil actions in which the United States or an officer or agency thereof is a party, all parties are accorded sixty days after the entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). These time periods are "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

We remanded this case to the district court for the court to determine whether Singletary timely filed a motion to extend the appeal period under Rule 4(a)(5). See United States v. Singletary, 88 F. App'x 652 (4th Cir. 2004) (unpublished). After reviewing the parties' arguments on remand, the magistrate judge found that prison officials collected legal mail daily on weekdays and that, because the mail log indicated the notice of appeal was accepted by the mail room on Monday, November 3, 2003, Singletary deposited the mail in the legal mail box no earlier than Friday, October 31, 2003, two days after the excusable neglect period expired. Thus, the magistrate judge apparently concluded that the appeal period could not be extended. See Hensley v. Chesapeake & O. Ry. Co., 651

- 2 -

F.2d 226, 228 (4th Cir. 1981) (finding that expiration of time limits in Rule 4 deprives court of jurisdiction over case). The record was then returned to us for further review.

It appears from our review of the record that the magistrate judge's order may be a dispositive ruling as it potentially ends Singletary's ability to pursue his appeal. See Vitols v. Citizens Banking Co., 984 F.2d 168, 169-70 (6th Cir. 1993) (holding that "a magistrate judge, acting pursuant to . . . § 636(b)(1) . . . , has no authority to issue a dispositive ruling on a motion to certify a district court order for interlocutory appeal under [28 U.S.C.] § 1292(b) [(2000)]"). Thus, the magistrate judge only is authorized under 28 U.S.C.A. § 636(b)(1)(B) (West Supp. 2005) to make a recommendation to the district court. Once the magistrate judge files a report and recommendation, the parties have ten days to object. 28 U.S.C.A. § 636(b)(1)(C). A district court reviews "de novo . . . those portions of the report . . . to which objection is made." Id.

Because the parties did not have an opportunity to object to the magistrate judge's findings, we remand the case to the district court for the limited purposes of providing notice of the right to file objections and of allowing the district court to conduct the appropriate review. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED