**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-7803**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDWARD DEVON SINGLETARY,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Senior District Judge.  (CR-00-314; CA-03-240-1)

---

Submitted:  October 11, 2006          Decided:  November 16, 2006

---

Before MOTZ and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Edward Devon Singletary, Appellant Pro Se.  Robert Albert Jamison Lang, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Edward Devon Singletary seeks to appeal the district court's order denying his motion filed pursuant to 28 U.S.C. § 2255 (2000). We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on July 29, 2003. The sixty-day appeal period expired on September 29, 2003,[*] and the excusable neglect period expired on October 29, 2003. The first time Singletary's appeal was before us we construed a statement in Singletary's notice of appeal to be a motion for an extension of time under Rule 4(a)(5) and remanded for the district court to determine whether Singletary timely filed the motion. See United States v. Singletary, 88 F. App'x 652 (4th Cir.

---

[*]Because the sixtieth day fell on Saturday, September 27, 2003, Singletary had until Monday, September 29, to timely file his notice of appeal. See Fed. R. App. P. 26(a)(3).

2004).  On remand, the magistrate judge found that Singletary deposited his Rule 4(a)(5) motion in the prison's legal mail box no earlier than Friday, October 31, 2003, two days after the excusable neglect period expired, and, thus, that the appeal period could not be extended.

Upon further review, we remanded the case for a second time to provide the parties time to object to the magistrate judge's findings and to give the district court an opportunity to conduct the appropriate review.  See United States v. Singletary, 160 F. App'x 333 (4th Cir. 2006).  After reviewing Singletary's objections, the district court accepted the magistrate judge's finding that Singletary's motion for an extension of time to appeal under Rule 4(a)(5) was not timely filed.  Our review of the record leads us to conclude that the district court's finding is not clearly erroneous.

Because Singletary filed his notice of appeal after the appeal and excusable neglect periods expired and failed to obtain an extension or reopening of the appeal period, we dismiss the appeal as untimely.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED