RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18b0011p.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

IN RE: LINDA J. LANE,

*Debtor.*

No. 18-8005

On Appeal from the United States Bankruptcy Court
for the Western District of Kentucky at Louisville.
No. 17-32237—Joan A. Lloyd, Judge.

Decided and Filed: October 30, 2018

Before: BUCHANAN, DALES and WISE, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** Neil C. Bordy, SEILLER WATERMAN, LLC, Louisville, Kentucky, for Appellee. Sarah Dean, Kevin Dean, Mount Washington, Kentucky, pro se.

_____

**OPINION**

_____

SCOTT W. DALES, Bankruptcy Appellate Panel Judge. The appellants in this case, Sarah and Kevin Dean (the "Deans" or the "Appellants"), are *pro se* creditors who moved to dismiss the chapter 13 case of Linda Lane ("Ms. Lane" or the "Debtor") shortly after the Bankruptcy Court confirmed the Debtor's Plan. The court denied their motion to dismiss the case on February 5, 2018, after finding that the Deans' arguments should have been made prior to confirmation and were precluded by the confirmation order. The Deans now appeal from the order denying their post-confirmation motion to dismiss.

In response, the Debtor argues that this matter is not ripe for appeal because an order denying a motion to dismiss is not a final order, and because the Deans have not obtained leave

for an interlocutory appeal. On the merits of the appeal, Ms. Lane claims that the Deans had a full and fair opportunity to raise their objections at the confirmation hearing — and in fact did raise some of the same issues prior to confirmation — but settled them through negotiations among counsel. Consequently, she contends that the Deans forfeited their arguments and cannot rely on them in support of the dismissal or in pursuit of this appeal.

The Panel will dismiss the appeal on jurisdictional grounds, finding that (i) the order denying the Deans' motion to dismiss is not a final order, and (ii) the record presents no grounds for granting leave to appeal under well-settled Sixth Circuit case law, even treating the *pro se* notice of appeal as a motion for leave to appeal under Federal Rule of Bankruptcy Procedure 8004(d). The Panel, therefore, does not reach the merits of the appeal.

## FACTS

In June 2014, three years before filing her bankruptcy petition, Ms. Lane sold her residence to the Deans. They subsequently discovered mold in the basement and filed a civil complaint against her. The state court submitted the parties' dispute to binding arbitration, the arbitrator found for the Deans, awarding them a total of $126,895.57, and a Kentucky trial court entered judgment on the award against Ms. Lane.

The Deans filed their judgment lien against Ms. Lane's current residence on May 18, 2017. Largely to address this dispute, she filed a voluntary chapter 13 petition on July 14, 2017, in the U.S. Bankruptcy Court for the Western District of Kentucky (the "Bankruptcy Court"). Ms. Lane, now a bankruptcy debtor, simultaneously filed her proposed chapter 13 plan (the "Plan").

Among other Plan provisions, the Debtor proposed to avoid the Deans' judgment lien as impairing her exemption rights. The Deans, at that time represented by counsel, filed an objection to the confirmation of the Plan (the "Objection"). In their Objection, they asserted that the judgment lien was not avoidable pursuant to 11 U.S.C. § 522(f);[1] that they were entitled to

---

[1]Unless the context indicates otherwise, citations in this Opinion to any statutory section, as in "§ 522(f)," shall refer to a section of title 11, United States Code.

payment in full, plus post-petition interest; and that, according to § 1322(b), the Debtor was not entitled to "modify" their rights as holders of a claim secured by her residence.

The Bankruptcy Court held a confirmation hearing on September 27, 2017, during which both parties (then represented by counsel) agreed that the only issue remaining was the rate of interest. In fact, during the confirmation hearing, counsel for the Deans stated, "[w]e've gotten to a point where we agree on everything except for that issue." (Tr. of Confirmation Hr'g, 5:23-24, BAP No. 18-8005 ECF No. 8-7). On the same day, after listening to the arguments, the Bankruptcy Court permitted the Deans' counsel to withdraw from representing them.

On October 11, 2017, the court entered an order overruling the Objection and setting the interest rate at 4.25%, according to *Till v. SCS Credit Corporation,* 541 U.S. 465, 124 S. Ct. 1951 (2004). A few days later, the court confirmed the Debtor's Plan. The Deans did not appeal from the confirmation order.

On November 2, 2017, despite their apparent agreement at the confirmation hearing, the Deans, as *pro se* creditors, filed the dismissal motion that is the subject of this appeal. The motion raised no post-confirmation conduct of the Debtor in support of dismissal, but instead described the "basis" for the motion as "whether or not the Debtor's Chapter 13 Plan Proposal was confirmable under The Bankruptcy Code 11 U.S.C. § 1325." (Mot. to Dismiss Debtor's Confirmed Chapter 13 With Prejudice, ¶ 2, Bankr. 17-32237 ECF No. 26). After briefing and argument, the Bankruptcy Court issued its Memorandum-Opinion and Order denying the Deans' motion to dismiss on February 5, 2018, in which the court noted that the confirmation order had not been appealed and was now a final order. In denying the motion to dismiss, the Bankruptcy Court held that "[t]he issues raised by the Deans as to whether the Plan should have been confirmed have now been waived." *In re Lane*, No. 17-32237, 2018 WL 718403, at *2 (Bankr. W.D. Ky. Feb. 5, 2018).

Within 14 days after entry of the February 5, 2018 order denying their dismissal motion, the Deans, still *pro se*, filed a notice of appeal.

**DISCUSSION**

A. In General

The threshold issue in any federal case is whether the court has jurisdiction. In a chapter 13 proceeding, the Bankruptcy Appellate Panel has jurisdiction to review (i) final judgments, orders, and decrees arising from a bankruptcy proceeding; and (ii) interlocutory orders or decrees (only with leave of court). 28 U.S.C. § 158 (a)(1), (3). Here, the Appellants did not initially seek leave to appeal, evidently regarding the order denying their motion to dismiss as final. In response to the Debtor's jurisdictional arguments, however, they now request leave to appeal under Rule 8004(d) as an alternative. The Panel will first consider whether the order under review is a final order before considering whether to grant leave to appeal.

B. Appeal as of Right (Final Orders)

The Sixth Circuit recently prescribed a two-step approach to determining whether an order of a bankruptcy court is immediately appealable under 28 U.S.C. § 158(a)(1): "a bankruptcy court's order may be immediately appealed if it is (1) 'entered in [a] . . . proceeding' and (2) 'final'— terminating that proceeding." *Ritzen Group, Inc. v. Jackson Masonry, LLC (In re Jackson Masonry, LLC)*, Nos. 18-5157/5161, 2018 WL 4997779, at *1 (6th Cir. Oct. 16, 2018). Using this approach, the reviewing court must first identify the "proceeding" or appropriate "judicial unit" from which the order emanated, and then determine whether the order under review is a "final" order that terminated the proceeding or "unit" so identified.

In *Jackson Masonry*, to assist in identifying the appropriate "judicial unit," the Sixth Circuit used a jigsaw puzzle as a simile for a bankruptcy case:

> [A] bankruptcy case is like a jigsaw puzzle, and the claims against the bankrupt debtor are the pieces. To complete the puzzle, one must "start by putting some of the pieces firmly in place."

*Id.*, 2018 WL 4997779, at *1 (quoting John Hennigan, Jr., Toward Regularizing Appealability in Bankruptcy, 12 Bankr. Dev. J. 583, 601 (1996)). *Jackson Masonry* involved two appeals related to the same dispute: (1) whether cause existed to modify the automatic stay; and (2) whether or to what extent the claimant had a claim against the debtor. Naturally, the Sixth Circuit identified

the contested matter that arose upon the filing of the motion for relief from the automatic stay as the appropriate "judicial unit," taking into account the procedural steps involved in the proceeding as well as the relief requested – modification of the stay. Similarly, the adversary proceeding to determine the claim constituted the relevant judicial unit, the point of which was to determine the amount of the debt rather than the outcome of the entire bankruptcy case. Each dispute was a quintessential "piece" of the "puzzle," involving a discrete part of the case, but not the entire case itself.

Returning to the present case, the Deans' motion to dismiss gave rise to a contested matter with all the hallmarks of a discrete proceeding, suggesting that the contested matter is the separate "judicial unit" for purposes of 28 U.S.C. § 158(a)(1). Nevertheless, the relief they requested – dismissal of Ms. Lane's entire bankruptcy case – reveals that the case itself (rather than the contested matter) is the relevant "proceeding" at issue.[2] A motion that seeks to dismiss the entire case cannot be described as "distinct from the overall case." *Jackson Masonry*, 2018 WL 4997779 at *3. Using the *Jackson Masonry* analogy, the Deans' motion, which sought dismissal of the entire case, did not aim to lock-in a mere piece of the puzzle but instead proposed to sweep the puzzle off the table and put it back on the shelf. For this reason, the Panel identifies the chapter 13 case as the appropriate judicial unit for purposes of evaluating the finality of the order denying the Deans' motion. The Panel now turns to the remaining questions, namely whether the Bankruptcy Court's order is "final" within the meaning of 28 U.S.C. § 158(a)(1), and if not, whether the court should permit an interlocutory appeal.

To be "final" under 28 U.S.C. § 158(a), an order must end the litigation on the merits, leaving nothing to be done but execute the judgment. *See Church Joint Venture, L.P v. Blasingame (In re Blasingame)*, 585 B.R. 850, 853 (B.A.P. 6th Cir. 2018) (citing *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494 (1989)); *see also Catlin v. United States,* 324 U.S. 229, 233, 65 S. Ct. 631, 633 (1945); *Ross-Tousey v. Neary (In re Ross-Tousey),* 549 F.3d 1148, 1152 (7th Cir. 2008) ("Finality does not require the termination of the

---

[2]Indeed, the text of 28 U.S.C. § 158(a) itself shows that the relevant judicial unit might be the "case" itself, not simply a subsidiary "proceeding" within the case. Whether the relevant judicial unit is one or the other necessarily depends to some extent on the relief requested.

entire bankruptcy proceeding; rather, an adjudication by the bankruptcy court 'is definitive because it cannot be affected by the resolution of any other issue in the proceeding, and therefore no purpose would be served by postponing the appeal to the proceeding's conclusion.'"). In general, denying a creditor's motion to dismiss hardly leaves "nothing to be done" --the case remains pending with many decisions for the court to make during the life of a typical case. *Cf. Simon v. Amir (In re Amir),* 436 B.R. 1, 8 (B.A.P. 6th Cir. 2010) (order denying motion to dismiss chapter 7 case is not final).

The concept of finality, however, is applied flexibly in bankruptcy proceedings because the usual model of a two-party dispute in a civil action does not quite fit: "finality concepts that easily apply to lawsuits typically brought in the district courts do not readily translate into the more far reaching proceedings that characterize bankruptcy cases" which more closely resemble "'sprawling events that are made up of smaller, discrete proceedings.'" *Huntington Nat'l Bank v. Richardson (In re Cyberco Holdings, Inc.)*, 734 F.3d 432, 437 (6th Cir. 2013) (citing *In re McKinney*, 610 F.3d 399, 402 (7th Cir. 2010)). Admittedly, courts have struggled to define the concept of finality in the bankruptcy setting. *Jackson Masonry*, 2018 WL 4997779 at *2 (decrying the "loose finality in bankruptcy as a license for judicial invention" resulting in "vague tests"); *Millers Cove Energy Co. v. Moore (In re Millers Cove Energy Co.),* 128 F.3d 449, 451 (6th Cir. 1997) (recognizing difficulty in determining whether a bankruptcy matter is final for purposes of appeal).

The Supreme Court's most recent discussion of finality in the bankruptcy setting teaches that an order is not final for purposes of appeal simply because it resolves a discrete dispute – the decision must have more concrete effects. *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1694 (2015) ("The concept of finality cannot stretch to cover, for example, an order resolving a disputed request for an extension of time."). After considering *Bullard*, the Sixth Circuit recently observed that the finality of an order requires it to be "both procedurally complete and determinative of substantive rights." *Jackson Masonry*, 2018 WL 4997779 at *4. Although *Bullard* involved the finality of an order denying confirmation of a chapter 13 plan, the opinion provides helpful *dicta* and a thorough analysis of finality. *See A.C.L.U. v. McCreary Cnty.*,

607 F.3d 439, 447 (6th Cir. 2010) (lower courts are generally obligated to follow Supreme Court *dicta*).

In *Bullard*, the Supreme Court explains that an order is not "final" and therefore appealable as of right under 28 U.S.C. § 158(a)(1) just because it resolves a contested matter. 135 S. Ct. at 1689.  Resolving a contested matter may be necessary, but it is not sufficient, to treat an order as "final."  Moreover, symmetry is not required — in other words, just because an order confirming a plan is appealable does not mean that an order denying confirmation is likewise subject to appeal as of right.  The Supreme Court observed that it is "quite common" for the question of finality to turn on the outcome of the decision.  Indeed, courts have no trouble accepting that an order withholding summary judgment under Federal Rule of Civil Procedure 56 is not immediately appealable, but an order granting summary judgment may be.

The relevant consideration, as *Bullard* explains, is whether the decision alters the parties' legal rights and the status quo.  *Id*. at 1688.  For example, in rejecting the argument that an order denying confirmation of a chapter 13 plan is a final order, the Supreme Court opined that "[o]nly plan confirmation, or case dismissal, alters the status quo and fixes the parties' rights and obligations."  *Id*. This observation, even if *dicta*, suggests that an order denying a creditor's post-confirmation motion to dismiss a chapter 13 case would not be final because the denial does not alter the status quo — the case remains pending, the plan remains binding, the automatic stay remains in place, and distribution and property rights are not affected.

Similarly, even before *Bullard* the Sixth Circuit endorsed the following factors as "useful determinants of the meaning of 'finality' in the bankruptcy context":

    (1) [t]he impact on the assets of the bankrupt estate;
    (2) [the] [n]ecessity for further fact-finding on remand;
    (3) [t]he preclusive effect of [its] decision on the merits of further litigation; and
    (4) [t]he interest of judicial economy.

*Cyberco Holdings*, 734 F.3d at 437 (quoting *In re Owens Corning*, 419 F.3d 195, 204 (3d Cir. 2005)).  The Sixth Circuit's factors suggest that a decision must have a concrete "impact" that

determines the parties' substantive rights before it can be considered final.  *See also Jackson Masonry*, 2018 WL 4997779 at *4.

Viewing the current appeal through this lens, the order denying the Deans' motion to dismiss resolved the contested matter, it is true, but it did not resolve the relevant judicial unit and certainly did not change the rights of the parties as they existed when the Deans filed their motion.  *Cyberco Holdings*, 734 F.3d at 439.  The order has no impact on assets or the status quo. Because the decision does not affect anyone's substantive rights or the status quo, the remaining three *Cyberco* factors also suggest that the denial of the motion should not be subject to immediate appeal.  *Id.*, 734 F.3d at 440.  The order denying the Deans' dismissal motion is not itself preclusive on any issues because it simply enforced the preclusive effect of the confirmation order, which was no longer appealable given the passage of time.  And, for similar reasons, judicial economy is not served by allowing what amounts to an untimely appeal of the confirmation order by disappointed unsecured creditors.

Therefore, when the Bankruptcy Court entered its confirmation order, it fixed the rights and obligations of the Debtor and her creditors and altered the status quo and the legal relationships among the parties.  This was the final order from which the Deans should have appealed.  But when the court denied the Deans' motion to dismiss, the relevant "judicial unit" remained pending, and the status quo and the legal relationships of the parties, established at confirmation, remained unchanged.  Although this way of looking at finality may seem unsatisfying because intuitively litigants and courts tend to prefer the tidiness of symmetry (*e.g.*, any decision on a motion to dismiss is appealable) to asymmetry (*e.g.*, the finality of an order is dependent on the outcome), and we assume that every order may be reviewed on appeal, the Supreme Court sees finality differently.  That said, asymmetrical or outcome-dependent appellate rights already exist in ordinary civil litigation, such as the asymmetrical review of rulings under Rule 56.

Moreover, the federal judiciary has long accepted the fact that some rulings in a court of original jurisdiction may escape appellate review, and the Supreme Court explains that imperfect appellate review is tolerable because of the high court's "confidence that bankruptcy courts, like trial courts in ordinary litigation, rule correctly most of the time." *Bullard,* 135 S. Ct. at 1689

(citing *Digital Equip. Corp. v. Desktop Direct, Inc.,* 511 U.S. 863, 114 S. Ct. 1992 (1994)). As alternative avenues to correct trial court error, the Supreme Court also cited procedures that allow interlocutory review, such as 28 U.S.C. § 158(a)(3) (leave to appeal) and (d)(2) (certification for immediate appeal). In addition, litigants in bankruptcy court have additional protection against trial court error under 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011 (withdrawal of reference).

From a broader or systemic perspective, the requirement of finality for appeals as of right serves several purposes. First, it protects the trial court's authority and independence against piecemeal appellate interference. Second, it protects litigants from harassment and costs associated with appeals. And third, it promotes judicial economy. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S. Ct. 669, 673 (1981) (finality requirement "emphasizes the deference that appellate courts owe to the trial judge," protects "independence" of the trial judge, avoids the "harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise," and promotes "efficient judicial administration"). Treating as non-final an order denying an unsecured creditor's post-confirmation motion to dismiss a chapter 13 case is completely consistent with, if not required by, these policies.

It is certainly conceivable that different factual circumstances surrounding a motion to dismiss might lead to a different decision about the finality of an order denying the motion. Nevertheless, the Panel concludes that, on the present record, the Bankruptcy Court's order denying the Deans' motion to dismiss is not a final order within the meaning of 28 U.S.C. § 158(a)(1). The Panel, therefore, lacks jurisdiction to reach the merits under that section.

## C. Leave to Appeal (Non-Final Orders)

Even though the Panel finds that the order denying the Deans' motion to dismiss is non-final, it still must consider whether to treat their notice of appeal as a motion for leave under 28 U.S.C. § 158(a)(3). Under Rule 8004(d), the appeal of a party who mistakenly believes the order appealed from is final (and who files only a notice of appeal) is not automatically dismissed. *See* Fed. R. Bankr. P. 8004(d). Instead, the Panel has the option (1) to direct that a motion for leave to appeal be filed; (2) to decide exclusively on the papers already filed to grant

leave to appeal; or (3) to deny leave to appeal. *See* Fed. R. Bankr. P. 8004(d), advisory committee's note to 2014 amendment. The Panel will consider whether to grant leave based on the papers already on file.

In deciding whether to grant leave to appeal an interlocutory order, this court has previously applied the four-part test employed by the Sixth Circuit under 28 U.S.C. § 1292(b). *See Wicheff v. Baumgart (In Re Wicheff)*, 215 B.R. 839, 844 (B.A.P. 6th Cir. 1998). Under that statute, an appellant must show:

> (1) The question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the [bankruptcy] court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation.

*Id.* at 844 (quoting *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993)). The Bankruptcy Court in this case determined, as a matter of law, that the confirmation of the Debtor's Plan precluded the Deans from raising their attack on the Debtor's good faith and their treatment under the Plan.

The binding effect of the Plan and the confirmation order, which the Deans did not appeal, presents a legal question under § 1327, and controls the outcome of the Deans' dismissal motion. Nevertheless, there is no substantial ground for any difference of opinion regarding the binding effect of the Plan on the Deans. The Bankruptcy Court could not have confirmed the Plan without finding that the Debtor acted in good faith in proposing it. Furthermore, their participation in the plan confirmation process undercuts any possible due process claim: although the Deans argue that their due process rights were violated and that their property was taken without their consent, they in fact did have notice of the bankruptcy and access to the Plan while represented by counsel. Indeed, they filed their Objection and participated in the confirmation hearing where all their issues were set to be heard, but then agreed that everything was resolved except the interest rate. Only after confirmation did they resurrect their Objection via the motion to dismiss. Lastly, the Deans have not shown how interlocutory review of the merits of the order denying their motion to dismiss would promote judicial economy.

The record shows nothing novel or controversial about the Bankruptcy Court's denial of the Deans' post-confirmation motion to dismiss based on the preclusive effect of the unchallenged confirmation order and Plan. Therefore, no basis exists under Sixth Circuit precedent to permit the interlocutory appeal under 28 U.S.C. § 158(a)(3). *See Bullard*, 135 S. Ct. at 1692 (preclusive effect of confirmation order forecloses relitigation of issues actually litigated and necessarily determined by the confirmation order); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275, 130 S. Ct. 1367, 1380 (2010) (confirmation order is "enforceable and binding" on a creditor notwithstanding legal error when the creditor "had notice of the error and failed to object or timely appeal"); *In re Pfetzer*, 586 B.R. 421, 429-30 (Bankr. E.D. Ky. 2018) (same).

The Panel, therefore, denies leave to appeal.

## CONCLUSION

The Panel finds that the order denying the Appellants' post-confirmation motion to dismiss effected no change in the parties' rights or the status quo and is a non-final order from which the Appellants have no right to appeal. Notwithstanding the flexibility of Rule 8004(d), the Panel declines to grant leave to appeal because it perceives in the record no ground, substantial or otherwise, for a difference of opinion about the preclusive effect of the confirmation order which dictated the Bankruptcy Court's decision to deny the motion to dismiss.

The appeal is DISMISSED for lack of jurisdiction.