By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to
6th Cir. BAP LBR 8024-1(b).  See also 6th Cir. BAP LBR 8014-1(c).

File Name: 19b0007n.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

---

IN RE:  RONALD JOSEPH SMITH,

*Debtor.*

_____

RONALD J. SMITH,

*Appellant*,

No. 19-8021

*v.*

U.S. BANK NATIONAL ASSOCIATION,

*Appellee.*

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio at Youngstown.
No. 4:19-bk-40227—Russ Kendig, Judge.

Decided and Filed:  September 10, 2019

Before: BUCHANAN, OPPERMAN, and WISE, Bankruptcy Appellate Panel Judges.

---

**COUNSEL**

**ON MOTION:**  Ronald J. Smith, Canfield, Ohio, pro se.  **ON RESPONSE:**  David A. Wallace,
CARPENTER LIPPS & LELAND LLP, Columbus, Ohio, for Appellee.

---

**OPINION AND ORDER**

---

BETH A. BUCHANAN, Bankruptcy Appellate Panel Judge.  This matter is before the
Panel on the Debtor's motion for leave to appeal.  For the reasons that follow, the motion is
DENIED and the appeal is DISMISSED.

## PROCEDURAL HISTORY

On July 23, 2019, Ronald Joseph Smith (the "Debtor") filed a notice of appeal and statement of election. The Debtor appeals the bankruptcy court's order vacating the dismissal of his chapter 13 bankruptcy case and reinstating the case ("June 5 Order"), as well as the bankruptcy court's subsequent order denying the Debtor's motion to alter or amend the order reinstating the case ("July 15 Order"). On July 26, 2019, after concluding that the orders were not final, the Debtor filed a motion for leave to appeal pursuant to 28 U.S.C. § 158(a)(3). The Debtor also requested an expedited briefing schedule and expedited treatment of the appeal. Creditor U.S Bank NA, Successor Trustee to Bank of America, NA, Successor in Interest to LaSalle Bank National Association, as Trustee, on Behalf of the Holders of the Bear Sterns Asset Backed Securities I Trust 2004-HE5, Asset Backed Certificates, Series 2004-HE5 ("U.S. Bank, as Trustee") filed a response in opposition to the motion. Then, on August 19, 2019, the Debtor filed a motion to withdraw his motion for leave to appeal, asserting that the orders on appeal are final and the motion for leave was not necessary. The August 19, 2019 motion made clear that the Debtor still seeks expedited treatment of his appeal.

## DISCUSSION

To begin, the Panel will address whether the June 5 Order and the July 15 Order are final orders that trigger an appeal of right pursuant to 28 U.S.C. § 158(a)(1) or interlocutory orders for which he needs leave to appeal pursuant to 28 U.S.C. § 158(a)(3). Courts, including this Panel, have long cited the standard that to be final, "an order must end the litigation on the merits, leaving nothing to be done but execute the judgment." *In re Lane*, 591 B.R. 298, 303 (B.A.P. 6th Cir. 2018) (citations omitted). But as the Panel recently noted, and the Debtor has discovered, because the concept of finality is applied more flexibly in bankruptcy cases, "courts have struggled to define the concept of finality in the bankruptcy setting." *Id.* Several recent cases guide the Panel.

In 2015, the Supreme Court reexamined the concept of finality in bankruptcy cases, noting: "Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *Bullard v. Blue Hills*

*Bank*, __ U.S.__, 135 S. Ct. 1686, 1692 (2015) (internal quotation marks and citation omitted). The Supreme Court then looked at "how to define the immediately appealable 'proceeding' in the context of the consideration of Chapter 13 plans." *Id.* In that case, the debtor argued that the order denying confirmation of his chapter 13 plan was final and immediately appealable. The Supreme Court disagreed, concluding that: "The relevant proceeding is the process of attempting to arrive at an approved plan that would allow the bankruptcy to move forward. This is so, first and foremost, because only plan confirmation—or case dismissal—alters the status quo and fixes the rights and obligations of the parties." *Id.* The Supreme Court held that while "[a]n order denying confirmation does rule out the specific arrangement of relief embodied in a particular plan," it is not a final decision in the process. *Id.* at 1693. The Supreme Court noted that allowing an appeal of each version of a plan would create unnecessary delays:

> Avoiding such delays and inefficiencies is precisely the reason for a rule of finality. It does not make much sense to define the pertinent proceeding so narrowly that the requirement of finality would do little work as a meaningful constraint on the availability of appellate review.

*Id*. at 1693.

In 2018, the Sixth Circuit applied the teachings of *Bullard* to the question of whether an order denying a motion for relief from the automatic stay was final. *Ritzen Group, Inc. v. Jackson Masonry, LLC* (*In re Jackson Masonry, LLC*), 906 F.3d 494 (6th Cir. 2018), *cert. granted*, 139 S. Ct. 2614, 204 L. Ed. 2d 263 (2019). The Sixth Circuit described a two-step approach, noting that: "a bankruptcy court's order may be immediately appealed if it is (1) 'entered in [a] . . . proceeding' and (2) 'final'— terminating that proceeding." *Id.* at 497-98. The Sixth Circuit explained that "a 'proceeding[ ]' under § 158(a) is a discrete dispute within the overall bankruptcy case, resolved through a series of procedural steps." *Id*. at 500. It then concluded that a "stay-relief adjudication fits this description. . . . there is a discrete claim for relief, a series of procedural steps, and a concluding decision based on the application of a legal standard." *Id*.

In determining the second step of its test, the Sixth Circuit looked again to *Bullard* for the definition of finality:

> The finality of a bankruptcy order is determined "first and foremost" by whether it "alters the status quo and fixes the rights and obligations of the parties." *Bullard*, 135 S. Ct. at 1692. Additionally, courts should look to whether the order completely resolves all substantive litigation within the proceeding. *See id*. at 1692–93.

*Jackson Masonry*, 906 F.3d at 501. To be treated as final for purposes of appeal, an order must be "both procedurally complete and determinative of substantive rights." *Id.* (citation omitted). In concluding that an order denying relief from stay is final, the Sixth Circuit found:

> a stay-relief denial is procedurally complete—once entered there are no more "rights and obligations" at issue in the stay-relief proceeding. The stay-relief denial prohibits the moving party from pursuing its pre-bankruptcy claim against the debtor. The "judicial unit" is the stay-relief proceeding, and that unit is over once a stay-relief denial is issued. This is unlike the plan confirmation denial addressed by *Bullard*, which was just one step in a back-and-forth process. And it is also unlike, for example, a denial of a motion to dismiss or a motion for summary judgment in an ordinary civil case. Those motions address the same question that the ultimate decision-maker will—whether the plaintiff can win on the merits.

*Id*. (internal citations omitted).

The Panel recently applied these principles in two appeals seeking review of orders denying motions to dismiss bankruptcy cases. The results differed due to the status of the bankruptcy case at the time dismissal was sought. The outcome of the motions reveals the importance of the principles articulated in *Bullard* and *Jackson Masonry* to determine the proceeding or judicial unit and whether the order at issue resolves the judicial unit while determining substantive rights.

In *Lane*, the Panel determined the bankruptcy case itself was the relevant judicial unit. *In re Lane*, 591 B.R. 298, 302 (B.A.P. 6th Cir. 2018). The Panel then held that the order denying dismissal of the bankruptcy case did not alter the parties' legal rights or the status quo, therefore, it was not final for purposes of appeal. *Id*. at 304-305. In that case, the plan confirmation process had already concluded, and the creditor had not timely appealed the order confirming

plan. *Id.* Instead, the creditor sought dismissal of the bankruptcy case on grounds that should have been raised as part of the confirmation process. *Id.* The Panel found that "the [creditors'] motion, which sought dismissal of the entire case, did not aim to lock-in a mere piece of the puzzle but instead proposed to sweep the puzzle off the table and put it back on the shelf." *Id.* at 302-03. The Panel further held that the confirmation order was the order that had determined the parties' substantive rights and was, thus, final and appealable. *Id*. at 305. "The order denying the [creditors'] dismissal motion is not itself preclusive on any issues because it simply enforced the preclusive effect of the confirmation order, which was no longer appealable given the passage of time. And, . . . judicial economy is not served by allowing what amounts to an untimely appeal of the confirmation order by disappointed unsecured creditors." *Id*. at 304.

In contrast, in *In re Dan Mazzola, Inc*., the Panel found that an order denying a motion to convert or dismiss a chapter 11 case was final for purposes of appeal. *In re Dan Mazzola, Inc*., BAP Case No. 19-8007, 2019 Bankr. LEXIS 1553 (B.A.P. 6th Cir. May 20, 2019). The Panel distinguished *Lane* noting that in *Dan Mazzola, Inc*, while seeking conversion or dismissal of the chapter 11 case, the creditor argued that because the franchise agreement had been terminated prepetition, a chapter 11 reorganization was not feasible. *Id*. at 3. The bankruptcy court found that the franchise agreement had not been terminated and denied the motion on that basis. *Id*. The Panel held that unlike in *Jackson Masonry* and *Lane*, the creditor's motion in *Dan Mazzola, Inc*. did aim to lock-in a piece of the puzzle, namely whether the franchise agreement was in effect. *Id*. at 3-4. Moreover, the "determination that the franchise agreement had not been terminated is an important piece of the puzzle in this case. It is one that sets the parties' substantive rights and will play a crucial role in the remainder of the bankruptcy case." *Id*. at 3. Accordingly, the Panel held the order denying the motion to dismiss was a final order and the creditor could appeal as of right. *Id*. at 4.

Using this guidance, the Panel looks at the present appeal. Here, the Debtor sought dismissal of his chapter 13 case by filing a motion which was routinely granted. After the dismissal of the case, U.S Bank, as Trustee filed a motion to vacate the dismissal and reinstate the case so that it could pursue in rem relief against the Debtor's property under 11 U.S.C. § 362(d)(4). The bankruptcy court granted the motion, finding that due to the Debtor's pattern of

filing cases, obtaining the benefit of the automatic stay, then dismissing when opportune, the Debtor did not have an unfettered right to dismiss his current case. Further, the bankruptcy court found that "[r]einstating this case will not immediately prejudice the Debtor, outside the fact he will be in a chapter 13 case unwillingly. However, his participation will be limited, and the reinstatement is for a specific, limited purpose." (Mem. of Op. at 6-7, Bankr Case No. 19-40227, ECF No. 32 (June 5, 2019).) The Debtor now seeks review of the June 5 Order vacating the dismissal order and reinstating the case and the July 15 Order denying the Debtor's motion to alter or amend.

The Debtor argues that the proceeding or judicial unit was the contested matter which began when U.S Bank, as Trustee filed a motion to alter or amend the dismissal order. He asserts that denial of his motion to alter or amend the order vacating the dismissal and reinstating the case brought finality to the specific issue of whether he would be forced to remain in bankruptcy. While the Panel agrees that the contested matter began with U.S. Bank, as Trustee's motion, the Panel disagrees that either the June 5 Order vacating the dismissal and reinstating the bankruptcy case, or the July 15 Order denying the Debtor's motion to alter or amend is final. Those orders do not set the parties' substantive rights or alter the status quo, rather those orders simply allow the case to move forward towards the final determination of U.S. Bank, as Trustee's right to in rem relief against the property in future bankruptcy cases. Whether the Panel views the bankruptcy case itself as the proceeding, or the motion to vacate the dismissal for a specific purpose as the proceeding, the proceeding is not complete. The bankruptcy court still has pending the motion which will determine the parties' substantive rights with regard to the property. Whichever way the bankruptcy court rules on the motion for relief from stay, an appeal is likely. At that point in time, the Debtor will have the opportunity to argue that he has an unfettered right to dismiss his case and that the bankruptcy court should not have granted the motion to vacate the dismissal.

In his motion to withdraw the motion for leave to appeal, the Debtor asserts he made an error "in thinking that since the bankruptcy case continued, the Order was not final as would likely be the case in non-bankruptcy litigation." (Debtor's Mot. to Withdraw Mot. for Leave to Appeal at 3, BAP Case 19-8021 ECF No. 6, August 19, 2019.) For the reasons stated, the Panel

finds that the Debtor did not err in his initial conclusion that the orders appealed were not final. Accordingly, the Panel DENIES the motion to withdraw the motion for leave to appeal.

Having determined that the orders appealed were not final, the Panel must decide whether to grant discretionary leave for an interlocutory appeal. Appellate courts considering review of interlocutory decisions from bankruptcy courts have applied the standards set forth in 28 U.S.C. § 1292(b). *Cardwell v. Chesapeake & Ohio Ry*. Co., 504 F.2d 444, 446 (6th Cir. 1974); *Wicheff v. Baumgart* (*In re Wicheff*), 215 B.R. 839, 844 (B.A.P. 6th Cir. 1998). Under § 1292(b), an appellant seeking review of an interlocutory order must show:

> (1) The question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the [bankruptcy] court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation.

*Wicheff*, 215 B.R. at 844 (*quoting Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993)).

In applying the test to this appeal, the Panel finds the elements are lacking. In his statement of issues on appeal, the issues identified by the Debtor turn on the bankruptcy court's factual finding that U.S Bank, as Trustee has a pecuniary interest in the case and thus has standing to seek reinstatement of the chapter 13 case. The issues identified do not involve a controlling question of law, much less one which is subject to substantial ground for difference of opinion.[1] Moreover, the Debtor has not articulated how an immediate appeal would materially advance the ultimate termination of the litigation. Indeed, the Panel finds that allowing an interlocutory appeal would only delay the ultimate determination of whether U.S. Bank, as Trustee should be granted in rem relief against the property.

---

[1]In his motion for leave to appeal, the Debtor makes a passing reference to an "unfettered right to dismiss" his bankruptcy case. This argument is not developed. "It is well-established that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Church Joint Venture, L.P. v. Bedwell* (*In re Blasingame*), 598 B.R. 864, 874 (B.A.P. 6th Cir. 2019) (quoting *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005) (internal quotation marks and citations omitted)).

## CONCLUSION

The motion for leave to appeal is hereby DENIED and the appeal is hereby DISMISSED. Because the appeal is dismissed, the Panel does not need to address the Debtor's motion to expedite.