Gloria McCLENDON, Plaintiff-Appellant,

v.

Walter HOUSE and Lea's Flowers,
Defendants-Appellees.

Court of Appeals of Tennessee,
Eastern Section.

June 3, 1982.

Permission to Appeal Denied by Supreme
Court Aug. 30, 1982.

John W. McClarty, Chattanooga, for
plaintiff-appellant.

Kenneth R. Starr of Luther, Anderson,
Cleary & Ruth, Chattanooga, for defend-
ants-appellees.

OPINION

FRANKS, Judge.

In this action for damages for personal
injuries sustained in a motor vehicle acci-
dent, plaintiff was awarded damages of
$6,000.00 by a jury. Plaintiff's appeal seeks
a new trial on the basis the verdict is so
disproportionate to her actual damages as
to show passion, prejudice or unaccountable
caprice on the part of the jury.

On appeal, defendants moved for dismiss-
al of the appeal because plaintiff, prior to
initiating this appeal, withdrew the monies
defendant had paid into court to satisfy the
judgment.

Defendants assert that most jurisdictions
do not permit a party to appeal from a
judgment after accepting the benefits of
the judgment and cite Anno., *Right of ap-
peal from judgment or decree as affected
by acceptance of benefit thereunder,* 169
A.L.R. 985 (1947); 4 Am. Jur. 2d, *Appeal
and Error,* §§ 250–1. The annotation
states the general rule: "A party who ac-
cepts an award or legal advantage under an
order, judgment, or decree, waives his right
to any such review of the adjudication as
may again put in issue his right to the
benefit which he has accepted." The edi-
tors, however, observed:

It is to be noticed that only by the
general tendency of later American
judges to exalt technical formulas has

this doctrine of waiver or estoppel been raised to its present dominance. The early judges had no thought of it. *Erwin v. Lowry* (1849) 7 How ( [48] US) 172, 12 L.Ed. 655; *Clowes v. Dickenson* (1826) 8 Cow (NY) 328; *Bond v. Greenwald* (1871) 4 Heisk. ( [51] Tenn.) 453.

The *Bond* case mentioned in the annotation involved a seller of cotton who was awarded a judgment under contract. After receiving payment in full on the judgment, he filed a writ of error[1] challenging the sufficiency of the judgment and his adversary moved to dismiss the appeal on the ground the executed and satisfied judgment constituted a waiver of the right to appeal. The Supreme Court rejected the argument and numerous cases have in principle affirmed *Bond. See Burcham v. Carbide & Carbon Chem.,* 188 Tenn. 592, 221 S.W.2d 888 (1949); *Wright v. Knoxville Livery & Stock Co.,* 59 S.W. 677 (Tenn. Ch. App. 1900); *Peabody v. Fox Coal & Coke Co.,* 54 S.W. 128 (Tenn. Ch. App. 1899); *Gaines v. Fagala,* 42 S.W. 462 (Tenn. Ch. App. 1897).

Defendants further argue that *Metropolitan Development and Housing Agcy. v. Hill,* 518 S.W.2d 754 (Tenn. App. 1974), in part overruled *Bond.* In *Hill,* the housing agency sued to condemn the defendant's property and paid into court an amount almost sufficient to satisfy the judgment eventually obtained. The defendant had withdrawn the money pursuant to statute and, after judgment, the agency attempted to appeal. The Middle Section of this court dismissed the suit on the grounds the agency, by paying the money into court, had waived its right to appeal. The *Hill* opinion expressly discussed the *Bond* case and affirmed its holding. The court stated:

Attention is called to the fact that in [*Bond*] it was *not a defendant* who paid a judgment from which he sought relief, *but a complainant* who claimed all that was decreed to him *and more.* That is, his acceptance of *part* of that which he claimed did not preclude him from seeking the remainder of what he claimed.

This is clearly distinguishable from the present case wherein petitioner paid into Court the amount of a judgment and now, on appeal, insists that it does not justly owe that which was paid. It is the difference between "taking part and seeking more" in [*Bond*] and "paying all and seeking refund" in the present case. [Emphasis original.] 518 S.W.2d, at 759.

*Hill* does not control; however, more recent and compelling authority supports appellant. T.R.A.P., Rule 3, provides in pertinent part:

In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right.

Our appellate rules parallel the federal rules of appellate practice and the United States Supreme Court, in speaking to this issue in *United States v. Hougham,* 364 U.S. 310, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960), said:

[W]here a judgment is appealed on the ground that the damages awarded are inadequate, acceptance of payment of the amount of the unsatisfactory judgment does not, standing alone, amount to an accord and satisfaction of the entire claim. 81 S.Ct., at 16.

Subsequent federal cases have held the acceptance of payment of a judgment, subsequently challenged on appeal as being insufficient in amount, will preclude the appeal only if the circumstances establish the payment was accepted with a mutual intent of settling all claims in dispute and terminating the litigation. *DiLeo v. Greenfield,* 541 F.2d 949 (2nd Cir. 1976); *United States for Use and Benefit of H & S Industries, Inc. v. F. D. Rich Co.,* 525 F.2d 760 (7th Cir. 1975); *Hawaiian Paradise Park Corp. v. Friendly Broadcasting Co.,* 414 F.2d 750 (9th Cir. 1969); *Gadsden v. Fripp,* 330 F.2d 545 (4th Cir. 1964).

■ The record does not establish plaintiff accepted payment with the intent to settle the matter and terminate the litigation. Defendant's counsel concedes the

---

1. For a discussion of the common law and statutory writs of error and prior procedures employed in their uses, see *Gibson's Suits in Chancery,* § 1270, *et seq.* (4th ed.)

judgment was paid to terminate the statutory interest. The chronological sequence of events is: judgment below was entered September 11, 1981; plaintiff filed a motion for new trial on September 15, 1981, and defendants paid the judgment into court the following day; on October 7, 1981, the motion for a new trial was overruled and counsel for appellant withdrew the money paid into court, depositing it in his firm's account; and on November 5, 1981, the notice of appeal was filed. The actions of neither party evidence an intent to settle all claims in dispute and end the litigation. Accordingly, we overrule the motion to dismiss.

On the issue of inadequacy of damages, defendants admitted liability for any injuries sustained by the plaintiff in a motor vehicle accident occurring on March 28, 1980. Plaintiff was transported by ambulance from the scene of the accident to the emergency room of a local hospital where she was examined, x-rayed and released. On March 31, she visited Dr. Findley who became her treating physician. Her injuries were diagnosed as soft tissue injuries in the areas of the trapezius muscle, neck, left shoulder and over the ribs on the left side. On April 3, she called Dr. Findley and it was arranged for her to be admitted to a hospital. She was admitted to the hospital on April 3, where she remained to April 19, 1980.

At the trial, Dr. Findley, based upon the plaintiff's complaints, gave an opinion that plaintiff sustained a 10 to 15 per cent disability as the result of injuries sustained in the accident. Defendants had obtained a special examination of plaintiff by a neurosurgeon who testified, in his opinion, plaintiff sustained no permanent injuries as the result of the accident.

Plaintiff's principal argument on appeal is that she incurred special damages or actually lost as the result of her injuries $10,-627.40,[2] and the jury only returned a verdict of $6,000.00 on her behalf. A substantial amount of the special damages relates to charges for physical therapy services, $4,142.00, plus the cost of transcutaneous electrical nerve stimulator sold by the physical therapist to the plaintiff, which totalled $673.80. The evidence relating to the necessity or benefit of the therapy is disputed. From the evidence, reasonable minds could differ as to whether plaintiff either suffered permanent injuries or only slight injuries to the soft tissue of the neck and shoulder. Moreover, reasonable minds could differ as to whether the hospitalization and physical therapy were reasonably necessary. It is well settled and often repeated in appellate cases reviewing awards of damages that the amount of compensation for injuries is primarily for the jury and the trial judge is the next most competent person to pass on the amount. *Foster v. Amcon Intern., Inc.,* 621 S.W.2d 142 (Tenn. 1981); *Smith v. Shelton,* 569 S.W.2d 421 (Tenn. 1978).

In the instant case, the jury determined the amount of damages after hearing the evidence and observing the witnesses. Upon plaintiff's application for an additur, the trial judge who presided over the trial and made similar observations approved the verdict and entered judgment. The verdict is supported by material evidence and approved by the trial judge. We find no reason to disturb the judgment.

Defendants have applied for damages based on a frivolous appeal. The motion is without merit and is overruled. The judgment of the trial court is affirmed and the case remanded with the cost of appeal assessed one-half to each party.

PARROTT, P.J., and SANDERS, J., concur.

2. This amount consists of the following:

| | | |
|---|---|---|
| Ambulance service | $ | 50.00 |
| Emergency room service | | 112.00 |
| X-ray service | | 36.00 |
| Hospitalization | | 3,083.40 |
| Physical therapy service | | $ 4,142.00 |
| Transcutaneous electrical nerve stimulator and supplies | | 673.80 |
| Treating physician | | 485.00 |
| Loss of wages | | 2,045.20 |