ELECTRONIC CITATION: 2007 FED App. 0003P (6th Cir.)
File Name: 07b0003p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re: KENNETH DWAYNE PERRIN and TAMMY LYNN PERRIN, Debtors. _____ KENNETH DWAYNE PERRIN and TAMMY LYNN PERRIN, Appellants. _____ | ) ) ) ) ) ) ) ) ) )     No. 06-8032 |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Eastern Division at Columbus.
No. 05-51348.

Submitted: November 8, 2006

Decided and Filed: January 23, 2007

Before: GREGG, LATTA, and WHIPPLE, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** Crystal I. Zellar, Adam T. Barclay, ZELLAR & ZELLAR, Zanesville, Ohio, for Appellants.

_____

**OPINION**

_____

JENNIE D. LATTA, Bankruptcy Appellate Panel Judge. Kenneth Dwayne Perrin and Tammy Lynn Perrin ("Debtors") appeal an order of the bankruptcy court finding a willful violation of the automatic stay, but awarding no damages to the Debtors.

# I. ISSUES ON APPEAL

The issues raised by this appeal are: (1) whether an award of damages is mandated by section 362(h) even when the debtor fails to prove actual damages; and (2) whether the bankruptcy court erred in permitting a pro se creditor to call the Debtors' counsel to testify.

# II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit (the "BAP") has jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the BAP, and a final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). The bankruptcy court's order finding a violation of the automatic stay is a final order. *Heghmann v. Indorf (In re Heghmann)*, 316 B.R. 395, 400 (B.A.P. 1st Cir. 2004).

The question whether damages must be awarded whenever a willful violation of the automatic stay is found to have occurred is a question of statutory interpretation and is subject to de novo review. "De novo means that the appellate court determines the law independently of the trial court's determination." *O'Brien v. Ravenswood Apts., Ltd. (In re Ravenswood Apts., Ltd.)* 338 B.R. 307, 310 (B.A. P. 6th Cir. 2006). The question of whether the bankruptcy court properly permitted Debtors' counsel to be called as a witness is likewise a question of law subject to de novo review.

# III. FACTS

Debtor Kenneth Perrin ("Perrin") is employed as a professional cabinet maker. He also owns and operates a small cabinet shop on the side to earn additional income. Beginning in April 2004, Perrin rented work space from creditor Ronald Wheeler ("Wheeler") for his cabinet shop business and outfitted the space with the necessary tools for cabinet making. On February 1, 2005, the Debtors filed their chapter 13 petition. Perrin then advised Wheeler that he had filed the petition for bankruptcy.

In June 2005, Perrin ceased making rent payments for the space rented from Wheeler. On October 1, 2005, Wheeler changed the locks on the doors and refused to permit Perrin to retrieve his tools. In late October 2005, Wheeler offered to allow Perrin to retrieve his tools in exchange for payment of the outstanding rent. When Perrin arrived with less than the total amount owed, Wheeler offered to allow him to take only some of his tools. Perrin refused, leaving with his money, but not with his tools.

In November 2005, Perrin contacted his counsel regarding the situation. Perrin's counsel wrote to Wheeler demanding return of the tools within seven days. Following receipt of this letter, Wheeler did not contact Perrin or allow him to retrieve the tools, but Wheeler did attempt to confer with Perrin's counsel who advised him to seek his own counsel. Wheeler then retained counsel who exchanged messages with Perrin's counsel. The two attorneys never spoke with each other.

On February 15, 2006, Perrin's counsel filed a Motion Requesting Order to Show Cause and for Turnover of Bankruptcy Estate Assets Pursuant to 11 U.S.C. § 542 ("Motion"). The Motion sought turnover of Perrin's tools, and an award of damages and attorney fees. Following a hearing, the bankruptcy court found that Wheeler willfully violated the automatic stay and ordered him to turn over Perrin's tools. The court did not, however, award damages to Perrin because there was no evidence presented that actual damages resulted from the violation of the automatic stay. The bankruptcy court's written order was entered April 17, 2006, and this timely appeal followed.[1]

## IV.   DISCUSSION

Two distinct issues have been raised in this appeal: (1) whether an award of damages is mandated by section 362(h) even where the debtor fails to prove actual damages, and (2) whether a litigant is prevented from calling opposing counsel as a witness at trial.

Prior to amendment effective October 17, 2005, section 362(h) stated:

> An individual injured by any willful violation of the automatic stay provided by this section shall recover actual damages, including costs and attorneys' fees. . . .

---

[1] No other party appeared in this appeal. Therefore, no appellee is noted in the caption above.

11 U.S.C. § 362(h).[2]  The key to an award of damages under section 362(h) is not the willful violation of the automatic stay, but the resulting injury.  Any person who suffers injury as the result of a willful violation of the automatic stay is entitled to recover actual damages.  In this case, Perrin failed to prove that he had suffered any injury.

The decision of the court of appeals in *Archer v. Macomb County Bank*, 853 F.2d 497 (6th Cir. 1988), is instructive.  In *Archer,* the bankruptcy court found that a creditor willfully violated the automatic stay and awarded damages in excess of the amount of actual damages supported by the evidence based upon the debtor's statement that his business reputation had been damaged.  The district court affirmed the decision of the bankruptcy court, but the court of appeals reversed.  The court of appeals noted that the bankruptcy court's decision regarding the amount of damages constituted a factual finding, which would not be overturned unless it was clearly erroneous.  *Archer,* 853 F.2d at 499.  Nevertheless, the court said, "a damage award must not be based on 'mere speculation, guess, or conjecture.'"  *Id.* (citations omitted).  Proof of damages requires that degree of certainty that the nature of the case admits.  *Id.*  The court of appeals held the bankruptcy court's findings regarding damages to be clearly erroneous because they were not supported by the record.  The court of appeals remanded the case, directing the bankruptcy court to conduct a hearing to determine the amount of actual damages "bearing in mind that '11 U.S.C. § 362(h) requires a finding of actual injury.'"  *Id.* at 500 (citations omitted).

In the present case, Perrin failed to prove that he suffered an actual injury.  Unlike *Archer*, no proof was offered concerning any actual damages suffered as the result of Wheeler's exercise of control over Perrin's tools, and no award was made by the bankruptcy court.  Despite the Debtors' strenuous argument that the bankruptcy court should have scheduled a second hearing to consider damages, nowhere in the record does it appear that the Debtors asked the bankruptcy court to do this.  The Panel will not address issues not raised before the bankruptcy court.  *See Harshbarger v. Pees (In re Harshbarger)*, 66 F.3d 775, 777 n.3 (6th Cir. 1995) (citing *American Imaging Serv., Inc. v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 963 F. 2d 855, 862-63 (6th Cir. 1992)).

---

[2] Because the Debtors' bankruptcy case was filed before the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), all references to the Bankruptcy Code in this opinion are to the pre-BAPCPA version.  *See* Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 1501(b)(1), 119 Stat. 23, 216 (stating that, unless otherwise provided, the amendments do not apply to cases commenced under title 11 before the effective date of BAPCPA).

Where there was no proof in the record concerning actual damages suffered by the Debtors, the bankruptcy court properly declined to award damages, which could only have resulted from speculation. As a matter of law, Perrin was not entitled to recover damages because he failed to prove that he was injured by Wheeler's violation of the automatic stay.

The second issue raised by the Debtors is whether the bankruptcy court erred in permitting Wheeler to call Debtors' counsel as a fact witness at trial. The short answer is no. There is no absolute privilege that prevents an attorney from being compelled to provide testimony in litigation involving a client. *See Fed. R. Evid.* 601 ("Every person is competent to be a witness except as otherwise provided in these rules."). Rather certain information made available to the attorney by his client is privileged and certain other information generated by an attorney is protected from disclosure under certain circumstances as work product. *See generally* Fed .R. Evid. 501. Further, when "a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it becomes apparent that his testimony is or may be prejudicial to his client." Ohio Code of Prof'l Responsibility DR 5-102(B)[3].

The Panel has reviewed the transcript of the hearing before the bankruptcy court. Wheeler asked the court whether he would be permitted to call Adam Barclay, counsel for Perrin, to the stand. The court granted his request. Barclay objected that he might be asked questions about matters that were privileged. The bankruptcy court instructed Barclay to raise objections to specific questions. Barclay then asked if he would be permitted to have co-counsel sit at counsel table to object as necessary. He was told that this was permissible. At no point did Barclay indicate that he felt that he would be compelled to withdraw from representation of Perrin because his testimony might be

---

[3] The Ohio Supreme Court has adopted the Ohio Rules of Professional Conduct, which are based on the ABA Model Rules of Professional Conduct and which will replace the Code of Professional Responsibility effective February 1, 2007. The Panel does not believe that its analysis would be different under the provisions of the Model Rules, which provide in pertinent part:

> (a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:
>
>> (1) the testimony relates to an uncontested issue;
>> (2) the testimony relates to the nature and value of legal services rendered in the case;
>> (3) the disqualification of the lawyer would work *substantial* hardship on the client.

Ohio Rules of Prof'l Conduct 3.7(a) (effective Feb. 1, 2007).

prejudicial to his client. At no time did Barclay or his co-counsel object on the basis of privilege to any of the questions posed by Wheeler. Under these circumstances, there was no error by the bankruptcy court in permitting Barclay to be called as a witness at trial.

## V. CONCLUSION

The bankruptcy court was correct in refusing to award damages to Perrin when no injury was shown or damages proved. There was no error by the bankruptcy court in permitting counsel for the Debtors to be called as a witness. The decision of the bankruptcy court is **AFFIRMED.**