*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to
6th Cir. BAP LBR 8024-1(b). See also 6th Cir. BAP LBR 8014-1(c).*

File Name: 21b0004n.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

---

IN RE: BENNY DARNELL MCCARTHY,

                           *Debtor*.

_____

BENNY DARNELL MCCARTHY,

                           *Appellant*,

      *v*.

ATLANTA POSTAL CREDIT UNION,

                           *Appellee*.

No. 20-8027

---

On Appeal from the United States Bankruptcy Court
for the Western District of Tennessee at Memphis.
No. 2:15-bk-29883—Jennie D. Latta, Judge.

Decided and Filed: June 16, 2021

Before: DALES, GUSTAFSON, and WISE, Bankruptcy Appellate Panel Judges.

---

## COUNSEL

**ON BRIEF:** Steven N. Douglass, HARRIS SHELTON HANOVER WALSH, PLLC, Memphis, Tennessee, for Appellee. Benny D. McCarthy, Memphis, Tennessee, pro se.

---

## OPINION

---

JOHN P. GUSTAFSON, Bankruptcy Appellate Panel Judge. Unrepresented Debtor-Appellant Benny Darnell McCarthy ("the Debtor") appeals the bankruptcy court's order granting his motion for sanctions against Creditor-Appellee Atlanta Postal Credit Union ("the Credit

Union") for violation of the automatic stay. The Debtor asserts that the bankruptcy court erred by awarding him inadequate damages. In response, the Credit Union moves to dismiss the appeal based upon the "acceptance of benefits" doctrine and mootness. For the reasons set forth below, we deny the Credit Union's motion to dismiss and affirm the order of the bankruptcy court.

## ISSUE ON APPEAL

The issue properly presented in this appeal is whether the bankruptcy court erred by failing to award "substantial punitive damages."

## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Western District of Tennessee has authorized appeals to the Panel and no party has timely elected to have this appeal heard by the district court. 28 U.S.C. §158(b)(6), (c)(1)

A party may bring an appeal as of right under 28 U.S.C. §158(a)(1) from final judgments, orders, and decrees of the bankruptcy court. "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. ___, ____, 140 S. Ct. 582, 586 (2020). "An order sanctioning a party and imposing a sum certain amount in damages is a final order." *In re Jackson*, 554 B.R. 156, 159 (B.A.P. 6th Cir. 2016).

"A bankruptcy court's decision to sanction is reviewed for an abuse of discretion." *Id.* "Sanctions premised upon an erroneous view of the law or an erroneous assessment of the evidence are necessarily an abuse of discretion." *Id.* (quotation and internal quotation marks omitted).

## FACTS

On or about October 14, 2010, the Debtor obtained a loan from the Credit Union to finance the purchase of the Debtor's 2007 Chevrolet Corvette. The Debtor granted the Credit Union a security interest in the vehicle. To evidence its security interest in the vehicle, the

Credit Union was listed as the holder of the "1st Lien or Security Interest" on the Certificate of Title issued by the Georgia Department of Revenue.

The Debtor subsequently moved from Georgia to Tennessee. After moving to Tennessee, the Debtor initiated the process of transferring the vehicle's Certificate of Title from Georgia to Tennessee. The Credit Union received a letter requesting the vehicle's Certificate of Title from the State of Tennessee Department of Revenue. This letter was dated November 2, 2012. The Credit Union did not act upon the 2012 letter sent by the State of Tennessee Department of Revenue.

On or about October 16, 2015, the Debtor filed his voluntary petition for relief under Chapter 13. The Credit Union participated in the bankruptcy case by filing a timely proof of claim.

In May 2016, the Debtor filed a formal complaint with the Georgia Department of Banking & Finance based upon the Credit Union's failure to transfer the vehicle's Certificate of Title. This complaint was filed in response to the Credit Union's failure to act upon the letter sent by the State of Tennessee Department of Revenue in 2012.

In response, the Credit Union's counsel sent email correspondence to Debtor's counsel falsely stating that the Credit Union had not received any letters from the State of Tennessee requesting the vehicle's Certificate of Title.

Subsequently, the Credit Union received a second letter requesting the vehicle's Certificate of Title, this time from the Shelby County Clerk's Office in Memphis, Tennessee. This letter was dated January 21, 2017. The Credit Union did not act upon the 2017 letter sent by the Shelby County Clerk's Office.

On April 27, 2020, the Debtor filed a pro se motion for sanctions against the Credit Union for violation of the automatic stay. Three weeks later, the Credit Union filed a response denying the sole allegation in the Debtor's motion, that the Credit Union refused the Debtor's requests to transfer the Certificate of Title to his vehicle from Georgia to Tennessee.

On August 17, 2020, the Credit Union supplemented its response, providing material facts the Credit Union learned after filing its initial response to the Debtor's motion. The Credit Union informed the bankruptcy court that due to the Credit Union's transition to a paperless record-keeping process, the Credit Union had not identified the 2012 letter from the Tennessee Department of Revenue or the 2017 letter from the Shelby County Clerk's Office. These letters had provided the Credit Union with directions as to how the title could be transferred subject to the Credit Union's lien, and had directed the Credit Union to send the Georgia title to the Tennessee clerk's office in order for the clerk to send back a newly-issued Tennessee Certificate of Title listing the Credit Union's lien.

Although the record is not clear on the date, at some point after the Debtor filed his pro se motion for sanctions the Debtor's counsel stepped in and ultimately participated in the litigation of the Debtor's motion.

On August 18, 2020, a hearing was held on the motion for sanctions, the Credit Union's response, and its supplemental response. The bankruptcy court announced its oral ruling at the end of the hearing, sanctioning the Credit Union. The bankruptcy court tasked the Debtor's counsel with drafting the order.

On August 26, 2020, the bankruptcy court entered its written order. The order provided:

**IT IS THEREFORE ORDERED,**

1. That Atlanta Postal Credit Union shall forward the lien free title to the 2007 Chevrolet Corvette such that it is received by Debtor's counsel within seven days of the entry of this order;
2. That Debtor is hereby granted damages for violation of the automatic stay by Atlanta Postal Credit Union in the amount of $25,000.00; and
3. That Atlanta Postal Credit Union shall forward certified funds made payable to Debtor in payment of said damages in the amount of $25,000.00 such that said funds are received by Debtor's counsel within seven days of the entry of this order.

(Order Granting Mot. Sanctions Against Credit Union ("Order") at 1-2, Aug. 26, 2020, 2:15-bk-29883, ECF No. 61.)

The Credit Union complied with the directives set forth in the Order. On August 20, 2020, after the oral ruling but before the entry of the Order, the Credit Union issued Check No. 78174 in the amount of $25,000.00 ("Check") made payable to the Debtor.

On September 3, 2020, the Debtor timely filed his pro se notice of appeal and statement of election.

On that same day, the Credit Union hand delivered the Check to Debtor's counsel along with the lien-free Certificate of Title to the vehicle. The phrase "Please Negotiate Promptly" was noted on the Check. (Kelly Aff., Ex. 1, Dec. 7, 2020, Case No. 20-8027, ECF No. 13-2.) On September 9, 2020, the Debtor endorsed and negotiated the Check.

The Debtor and the Credit Union have filed their respective briefs, including a reply brief filed by the Debtor. Along with the Credit Union's brief, the Credit Union also filed a motion to dismiss. The Debtor did not file a response to the Credit Union's motion to dismiss.

## DISCUSSION

The Credit Union moves to dismiss the Debtor's appeal on the grounds that by accepting the benefits of the judgment (by endorsing and negotiating the Check six days after the notice of appeal), the Debtor waived his right to appeal and should be estopped from proceeding with his appeal. However, in this appeal the Debtor disputes the sufficiency of the damages the bankruptcy court awarded the Debtor, asserting that the damages were inadequate. Accordingly, the Debtor's entitlement to the amount awarded by the bankruptcy court is uncontested, and he is seeking additional recovery under a single legal theory. Under these facts, the motion to dismiss will be denied. *See, United States v. Hougham*, 364 U.S. 310, 81 S. Ct. 13 (1960).[1]

Turning to the issue presented, the Debtor's pro se brief offers only minimal insight regarding the basis for this appeal. He asserts that the bankruptcy court erred when it "overlooked the duration of the creditor's violations, [and] accepted Atlanta Postal Credit Union['s] excuses as justification to overlook their willful violation of automatic stay." (B.A.P.

---

[1]To the extent this issue is governed by Tennessee law, Tennessee follows the rule in *Hougham*. *See, e.g.*, *McClendon v. House*, 637 S.W.2d 883, 884 (Tenn. Ct. App. 1982).

Pro Se Br. Form at 1-2, Case No. 20-8027, ECF No. 5.)**²** The Debtor indicates that he wants the Panel to "[c]onsider the egregious violations of Atlanta Postal Credit Union and their disregard and disrespect for the rule of law." (*Id.* at 2.) The Debtor also asserts that "Atlanta Postal Credit Union continued to withhold vehicle title even after they were paid in full in August 2019. After they were paid the vehicle belonged to me and they had no legal claim to my property." (*Id.*) The Debtor provided a single paragraph summary of his appeal in his merits brief, in which he asserted that due to the Credit Union's actions he could not "register/operate" his car for five years. (*Id.*, Suppl. Statement at 1-2.) In conclusion, he argued that "these violations warrants [sic] imposing substantial punitiive [sic] damages for deterrence and punishment." (*Id.*, Suppl. Statement at 2.)

The Order grants the motion for sanctions, finds that the Debtor is entitled to damages, and orders specific relief. The Order granted the Debtor damages in the amount of $25,000.00. The Order does not identify whether the amount awarded reflects actual or punitive damages, or both, and the Debtor did not designate a transcript of the bankruptcy court's August 18, 2020 oral ruling in the record on appeal. Nor does the bankruptcy court docket reflect that a transcript was ever ordered.

In the Statement of Issues, (Case No. 20-8027, ECF No. 9), the Debtor asserts the following errors by the bankruptcy court: (1) the bankruptcy court ignored the Credit Union's admission that it was mistaken regarding receipt of requests from the State of Tennessee; (2) the court ignored that the Credit Union no longer had any financial or legal right to the property; and (3) the court should not have instructed Debtor's counsel to prepare the order granting the motion for sanctions because the Debtor filed his motion for sanctions pro se. Although the Debtor's brief is vague, it appears his position is that the bankruptcy court did not award "substantial punitive damages."

Under 11 U.S.C. §362(k), an "individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in

---

**²**The Clerk's office offers a pro se brief form to Pro Se Appellants which allows them to answer a series of questions in lieu of drafting a merits brief. The Debtor utilized this form and included a supplemental one paragraph response. He also filed a four-page reply brief restating his position.

appropriate circumstances, may recover punitive damages." *See, Archer v. Macomb Cnty. Bank*, 853 F.2d 497, 499 (6th Cir. 1988). "Damages under §362(k) must also be proven with reasonable certainty and must not be speculative or based on conjecture." *Grine v. Chambers* (*In re Grine*), 439 B.R. 461, 469 (Bankr. N.D. Ohio 2010). The party seeking recovery has "the burden of proving entitlement to damages." *Id. See also, TranSouth Fin. Corp. v. Sharon* (*In re Sharon*), 234 B.R. 676, 687 (B.A.P. 6th Cir. 1999)("The bankruptcy court appropriately assigned to the Debtor the burden to prove entitlement to damages."); *IRS v. Mathews* (*In re Mathews*), 209 B.R. 218, 220 (B.A.P. 6th Cir. 1997); *In re Perrin*, 361 B.R. 853, 856-58 (B.A.P. 6th Cir. 2007). In addition to actual damages, if a "bankruptcy court believes that the amount of such actual damages is insufficient to deter the kind of deliberate and repeated violations of the automatic stay . . . the bankruptcy court is free to impose an appropriate amount of punitive damages." *Archer*, 853 F.2d at 500.

The Credit Union did not appeal either the finding that it had violated the automatic stay or the amount of sanctions awarded.[3] Instead, it immediately complied with the bankruptcy court's ruling by transferring the title and paying the sanctions in full. The Debtor is unable to carry his burden on appeal because he did not include a transcript of the bankruptcy court's oral ruling as part of the appellate record. Where "an appellant fails to provide an adequate appellate record on an issue finally decided by a prior court, that failure makes his road to victory difficult at best." *Hawley v. City of Cleveland*, 24 F.3d 814, 821-22 (6th Cir. 2001). Additionally, "an appellant's failure to provide a transcript is more critical when the ruling being appealed is oral." *Knowles Bldg. Co. v. Zinni* (*In re Zinni*), 261 B.R. 196, 202 (B.A.P. 6th Cir. 2001).

Federal Rule of Bankruptcy Procedure 8009(b)(1)(A) requires the appellant to file "a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal[.]" Additionally the rule requires appellants to "include in the record a transcript of all relevant testimony and copies of all relevant exhibits" when "the appellant intends to argue on appeal that a finding or conclusion is unsupported by the evidence or is

---

[3]On January 14, 2021, the Supreme Court of the United States issued an opinion holding that the mere retention of estate property after the filing of a bankruptcy petition does not violate §362(a)(3). *City of Chicago v. Fulton*, 592 U.S. ___, 141 S. Ct. 585 (2021). Since the Credit Union did not appeal the determination that it violated the automatic stay, there is no need to evaluate the impact of the *Fulton* decision in the present appeal.

contrary to the evidence." Fed. R. Bankr. P. 8009(b)(5). Moreover, the rule requires that the record on appeal must include "transcripts of all oral rulings." Fed. R. Bankr. P. 8009(a)(4).

Without a transcript of the hearing and the bankruptcy court's oral ruling, the Panel has nothing before it to support the Debtor's assertion that the bankruptcy court erred and that the sanctions awarded were not adequate. The Debtor's brief asserts that the bankruptcy court did not appropriately consider the length of the Credit Union's violation. However, without the transcript, the Panel cannot determine if there is any basis for that assertion.

The only exhibit that the Debtor designated as part of the record on appeal is the Credit Union's supplemental response to the motion for sanctions. In its supplemental response, the Credit Union admitted that it had previously falsely informed the bankruptcy court and the Debtor's counsel that it had not received any requests to transfer the title. Without a transcript of the oral ruling, the Panel is unable to determine how this admission impacted the court's determination regarding sanctions. However, the bankruptcy court did find that a violation existed, and did award sanctions.

The supplemental response and the Debtor's brief do not provide any insight or evidence regarding the amount of damages the Debtor suffered. The Debtor does not articulate what specific damages he incurred, nor does he suggest an amount that he would find satisfactory as punitive damages. In his reply brief, the Debtor asserts that the Credit Union's action in refusing to transfer title, even after the loan had been paid in full through the Chapter 13 plan, caused him frustration, anxiety, and anger. He asserts that his inability to use the vehicle impacted his mobility and quality of life. (Reply Br. at 2, Case No. 20-8027, ECF No. 15.) However, he does not explain why the bankruptcy court's award of $25,000.00 as a sanction was insufficient to compensate him for his loss. And, without the transcript, the Panel is unable to evaluate what arguments the Debtor made to the bankruptcy court and what metrics the bankruptcy court used to reach its decision. Further, the Debtor's brief does not explain how the requirement that his attorney draft the order was unfair, or harmed him in any way.

On the record before this Panel, the Debtor has not met his burden of persuasion that the bankruptcy court erred. *See, Pinnacle Tech. Res., Inc. v. Spencer* (*In re Spencer*), 359 B.R. 357

(unpublished table decision), *available at* 2006 WL 3539295, at \*1, 2006 Bankr. LEXIS 3297, at \*3 (B.A.P. 6th Cir. Dec. 8, 2006)("Failure to provide the Panel with relevant portions of the trial transcript makes evaluation of the validity of the Debtor's arguments difficult.").  "Appellant is the party responsible for presenting a complete record on appeal and will not prevail on any assignment of error which depends on information omitted from the designation." *Slizyk v. Smilack* (*In re Slizyk*), Case No. 6:06-cv-1896-Orl-19, 2007 WL 2154231, at \*5, 2007 U.S. Dist. LEXIS 53266, at \*15 (M.D. Fla. July 24, 2007), *reconsideration granted in part* 2007 WL 2406997, 2007 U.S. Dist. LEXIS 60856 (M.D. Fla. Aug. 20, 2007), *on reconsideration* 2007 WL 2554637, 2007 U.S. Dist. LEXIS 63291 (M.D. Fla. Aug. 28, 2007).  These principles, which are crucial to a meaningful appellate process, apply regardless of whether an appellant proceeds with counsel or without. *Eglinton v. Loyer* (*In re G.A.D., Inc.*), 340 F.3d 331, 335 (6th Cir. 2003) ("The Supreme Court has instructed courts to hold pleadings filed by pro se litigants to a less stringent standard than those filed by lawyers, but has 'never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'" (citations omitted)).

## CONCLUSION

For the foregoing reasons, the Panel AFFIRMS the bankruptcy court's order and DENIES the Credit Union's motion to dismiss.